## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 30 2019, 11:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Randall J. Hammond
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ronnii J. Wallace,

*Appellant-Defendant / Cross-Appellee,*

v.

State of Indiana,

*Appellee-Plaintiff / Cross-Appellant*

April 30, 2019

Court of Appeals Case No.
19A-CR-9

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D06-1804-F6-380

**Crone, Judge.**

## Case Summary

[1] Ronnii J. Wallace appeals the one-year aggregate sentence imposed by the trial court following his convictions for level 6 felony possession of cocaine, class B misdemeanor possession of marijuana, and class C misdemeanor operating a vehicle without ever receiving a license. On cross-appeal, the State argues that Wallace failed to file a timely notice of appeal and thus forfeited the right to appeal. We agree with the State and therefore dismiss.

## Facts and Procedural History

[2] On July 16, 2018, Wallace pled guilty to level 6 felony possession of cocaine, class B misdemeanor possession of marijuana, and class C misdemeanor operating a vehicle without ever receiving a license. He was accepted into the Allen County drug court program. On October 1, 2018, the trial court revoked his placement and ordered a presentence investigation report. On November 1, 2018, the trial court sentenced Wallace to concurrent terms of one year for the level 6 felony, 183 days for the class B misdemeanor, and 60 days for the class C misdemeanor. The sentencing order was noted in the chronological case summary ("CCS") that same day. The trial court appointed appellate counsel to represent Wallace, and counsel filed his appearance on November 6, 2018. A notice of appeal was not filed on Wallace's behalf until January 3, 2019, sixty-three days after the trial court issued the sentencing order.

# Discussion and Decision

[3]   On cross-appeal, the State raises an issue that we find dispositive: whether Wallace has forfeited his right to appeal his sentence by failing to timely file his notice of appeal. "A party initiates an appeal by filing a Notice of Appeal with the Clerk [of the Indiana Supreme Court, Court of Appeals and Tax Court] within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary." Ind. Appellate Rule 9(A)(1). "Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by [Post-Conviction Rule] 2[,]" which does not apply here. Ind. Appellate Rule 9(A)(5).

[4]   Here, the trial court's sentencing order was noted in the CCS on November 1, 2018. The notice of appeal was not filed until January 3, 2019, which was more than a month past the deadline imposed by the Indiana Appellate Rules. Thus, Wallace forfeited his right to appeal his sentence. Upon forfeiture, the right to appeal may be restored if extraordinarily compelling reasons are present. *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014). Wallace's appellate counsel did not file a reply brief to offer such reasons, and, based upon the record before us, we find no such reasons to review the merits of the trial court's discretionary sentencing decision. Accordingly, we dismiss the appeal.

[5]   Dismissed.


Bradford, J., and Tavitas, J., concur.